UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FARMERS INSURANCE COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  No. 4:24 CV 1145 RWS ) |
| MARCELLA BOLZENIUS, | ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This case arises out of a dispute over an alleged settlement agreement[1] between Plaintiff Farmers Insurance Company, Inc. and Defendant Marcella Bolzenius. The case is now before me on a motion for summary judgment filed by Farmers [18]. In its motion, Farmers argues that it is entitled to summary judgment because Bolzenius and Farmers entered into a valid and enforceable settlement agreement for $150,000.00. Bolzenius asserts that there are material facts regarding whether a valid agreement was formed that are still in dispute, precluding summary judgment. For the reasons set for below, I will deny Farmers' motion.

---

[1] Although the parties' pleadings refer to the alleged settlement as an agreement and contract interchangeably, I will refer to it as an alleged settlement agreement. *See, e.g.*, ECF. Nos. 19 at 11, 21 at 6, 22 at 6.

1

## BACKGROUND[2]

On November 6, 2020, Bolzenius was involved in a motor vehicle accident in Franklin County, Missouri with Plaintiff Farmers' insured. ECF. Nos. 20 ¶ 2, 20-1 at 4. Shortly after the accident, Farmers began communicating directly with Bolzenius about her insurance claims. ECF. No. 20 ¶ 3. On March 15, 2022, Kevin Roach of Roach Law Office ("Roach") notified Farmers that he would be representing Bolzenius regarding her claim for injuries and damages sustained in the accident. ECF. Nos. 20 ¶ 4, 20-4. All further communications regarding Bolzenius' claims, including settlement negotiations, were with her attorney Roach. ECF. No. 20 ¶ 6. On October 20, 2022, Roach sent Farmers a demand letter offering to settle Bolzenius' claims for $500,000. ECF. No. 20-5 at 3, 13. Farmers countered and offered $111,500 to settle Bolzenius' claims. ECF. No. 20-6. On November 10, 2022, Roach informed Farmers that Bolzenius rejected its counteroffer. ECF. No. 20-7 at 4. He informed Farmers that Bolzenius would settle her claims for $475,000. *Id.*

As a result of the impasse in negotiation, Farmers proposed the parties schedule a mediation. *Id.* On December 1, 2022, Farmers offered to settle Bolzenius' claims for $150,000. ECF. No. 20 ¶ 7. On December 7, 2022, Roach

---

[2] The information in this section is taken from the Plaintiff's statement of uncontroverted material facts (Pl. SUMF) and the Defendant's response to the Plaintiff's SUMF, ECF Nos. 20 & 21, and attached exhibits to the extent they are not specifically controverted by the opposing party as required by Local Rule 7–4.01(E).

emailed Farmers stating, "My client would like to accept $150,000 to resolve her claim. Please send a settlement release at your soonest convenience and let me know if you have any liens." ECF. No. 20 ¶ 8. On the same day, Farmers responded by sending a letter to Roach stating, "We are in receipt of your email dated December 7, 2022, wherein you indicate you and your client have accepted our $150,000.00 offer." ECF. No. 20 ¶ 9. Farmers' December 7th letter included a release for Bolzenius to sign. ECF. No. 20 ¶ 10. On December 13, 2022, Roach emailed Farmers stating, in part, "My client would like to hold off on settlement of her claim. When we spoke last week she was leaning toward settlement but has changed her mind." ECF. No. 20-10 at 3. Farmers replied via email, "It is our position that there was [an] offer and acceptance of the settlement terms at $150,000.00." *Id.*

On February 28, 2023, Farmers sent another copy of the release to Roach. ECF. No. 20 ¶¶ 11-12. Roach then emailed Farmers stating, "…as we discussed, I will meet with my client as soon as possible and see if she is ready to finalize settlement with Farmers." ECF. Nos. 20 ¶ 13, 20-11 at 1. However, on April 30, 2024, Roach sent Farmers an amended demand for $500,000 to settle Bolzenius' claims. ECF. Nos. 20 ¶ 14, 20-12 at 1, 11. On June 24, 2024, Roach notified Farmers that he would no longer be representing Bolzenius. ECF. Nos. 20 ¶ 15, 20-13, 20-14. In fact, Bolzenius had retained new counsel. ECF. 20-13 at 1.

3

From March 15, 2022 through June 24, 2024, Roach represented to Farmers that Bolzenius had given him authority to negotiate settlement of her claims. ECF. No. 20 ¶¶ 16-17. Bolzenius had consented to Roach exercising authority to represent her in these negotiations. ECF. No. 20 ¶ 22. Bolzenius does not now contest Roach's authority to negotiate on her behalf or that Farmers reasonably believed Roach had such authority. ECF. No. 20 ¶ 23. Bolzenius also does not contest that Roach had the requisite apparent authority to bind her to an agreement with Farmers. ECF. Nos. 22 at 4 n.1, 23 at 2 n.1. But the issue is whether Roach's December 7th email constituted an unequivocal acceptance of Farmers' offer.

On August 22, 2024, Farmers filed this Complaint seeking a declaratory judgment that a valid and enforceable settlement agreement exists between Farmers and Bolzenius and release of Bolzenius' claims against Farmers' insured arising from the accident in exchange for payment of $150,000.00 by Farmers. ECF. No. 1 at 4.

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Cox v. First Nat'l Bank*, 792 F.3d 936, 938 (8th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). In ruling on a motion for summary judgment, I must "'view the evidence in the light most favorable to the opposing party' and draw all reasonable inferences in favor of

4

that party." *Id.* (quoting *Tolan v. Cotton*, 572 U.S. 650, 657 (2014)). A party moving for summary judgment bears the initial burden of informing me of the basis for its motion and identifying the portions of the record it believes show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Upon a properly supported motion, the opposing party "must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Togerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting *Celotex*, 477 U.S. at 324).

## DISCUSSION

Farmers argues that on December 7, 2022, all of the elements of contract formation were present and that the only reasonable inference from the record is that the parties entered into a valid and enforceable settlement agreement of Bolzenius' claims for $150,000. *See* ECF. Nos. 19, 23. Bolzenius argues that her counsel did not clearly and unequivocally accept Farmers' offer.

At issue here is whether a reasonable jury could conclude that a settlement agreement was not formed between Farmers and Bolzenius on December 7th. State substantive law is controlling on this issue. *See, e.g.*, *MOCAP Inc. v. Sinclair & Rush, Inc.*, No. 4:06CV323MLM, 2007 WL 9808076, at *5 (E.D. Mo. Apr. 5, 2007) ("State law governs the existence and enforceability of a settlement agreement."); *Visiting Nurse Ass'n, St. Louis v. VNAHealthcare, Inc.*, 347 F.3d

5

1052, 1053 (8th Cir. 2003) ("[T]o determine whether the parties entered into an enforceable settlement agreement we look to Missouri principles of contract formation.") (citation omitted); *Women's Care Specialists, LLC v. Troupin*, 408 S.W.3d 310, 315 (Mo. Ct. App. 2013) ("Settlement agreements are contracts and subject to contract law.").

Under Missouri law, "[t]o show a legal, valid settlement agreement, one must prove the essential elements of a contract: offer, acceptance and consideration." *Matthes v. Wynkoop*, 435 S.W.3d 100, 107 (Mo. Ct. App. 2014) (citation omitted). When determining whether the parties "intended to be bound by the settlement prior to the execution of the written documents, a court must consider the course of negotiations, agreement on material terms, whether the parties described the settlement as such, and whether any existing disagreements were merely technicalities." *MOCAP Inc.*, 2007 WL 9808076, at *5 (quoting *Caleshu v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 737 F. Supp. 1070, 1086 (E.D. Mo. 1990)).

Upon careful review of the record, I find that a reasonable jury could draw competing inferences regarding whether Roach's December 7th email constituted an acceptance of Farmers' $150,000 offer to settle Bolzenius' claims. *See, e.g.*, *Walker v. Rogers*, 182 S.W.3d 761, 768 (Mo. Ct. App. 2006) ("[A]cceptance of an offer is a manifestation of assent to the terms thereof made by the offeree in a

6

manner invited or required by the offer."). One reasonable inference is that Roach's December 7th email was a "mirror image" acceptance of the Farmers' offer and its terms. "A contract requires an unequivocal and 'mirror image' acceptance." *Id.* However, the record also supports the competing inference that the language "[m]y client *would like to accept*" from the December 7th email was not an *unequivocal* acceptance of Farmers' offer. "The critical question when measuring if a party's words or conduct constitute acceptance is whether the signals sent by the offeree to the offeror objectively manifest the [offeree's] intent to be presently bound." *Miller v. Securitas Sec. Servs. USA Inc.*, 581 S.W.3d 723, 730 (Mo. Ct. App. 2019) (internal quotations omitted). Roach's December 7th email could reasonably be read as stating that Bolzenius *would like to accept* the $150,000 offer to settle her claims, but has not done so yet. *See* ECF. No. 22 at 4. Even if Roach had authority to settle Bolzenius' claims, the phrase "would like to" cannot be construed as an unequivocal acceptance. *See In re Sunset Mem'l Gardens, Inc.*, 49 B.R. 817, 821 (Bankr. D.N.D. 1985) ("Equivocating words will not be construed as acceptance.") (citing *Beiseker v. Amberson*, 17 N.D. 215, 116 N.W. 94 (1908)).

    I am not sure what "[m]y client would like to accept $150,000 to resolve her claim" means. But I cannot find as a matter of law it is an unequivocal acceptance.

7

Additionally, on December 13, 2022, Roach sent an email to Farmers stating, "My client would like to hold off on settlement of her claim. When we spoke last week, she was leaning toward settlement but has changed her mind…" ECF. No. 20-10 at 3.  On February 28, 2023, Roach sent another email to Farmers stating, "…as we discussed, I will meet with my client as soon as possible and see if she is ready to finalize the settlement with Farmers." ECF. No. 20-11 at 1. Roach then sent an amended demand letter to Farmers on April 30, 2024, demanding $500,000 to settle Bolzenius' claims.  ECF. No. 20-12.  These email communications further support the inference that Roach's December 7th email was not an unequivocal acceptance of Farmers' offer.  *See Moore v. Kuehn*, 602 S.W.2d 713, 718 (Mo. Ct. App. 1980) ("The manifestation of acceptance of an offer need not be made by the spoken or written word; it may also come through the offeree's conduct or failure to act.").

When viewing the evidence in the light most favorable to Bolzenius as the non-movant, I find that a reasonable jury could infer that there was not a valid and enforceable settlement agreement.  I therefore deny Farmers' motion.  *See I ICL Performance Prods., LP v. Hawkins, Inc.*, No. 4:09-CV-01818-JAR, 2012 WL 386747, at *3 (E.D. Mo. Feb. 7, 2012) ("When considering each individual [summary judgment] motion, the court must take care to resolve all factual

8

disputes and any competing, rational inferences in the light most favorable to the party opposing that motion.") (citation omitted).

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Farmers' Motion for Summary Judgment [18] is **DENIED.**

                                           /s/ Rodney W. Sippel
                                           RODNEY W. SIPPEL
                                           UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2025.